# Frank Curry v. Edmund B. Patterson, Appellant.

*Wills—Devise of real estate—Rule in Shelley's case.*

Testatrix, after directing that her debts, funeral expenses and the costs of a burial lot should be paid out of rents accruing from her real estate devised certain real estate to her son in fee simple and then directed as to the residue of her estate that her son should "have all the income or emoluments arising from the same during his natural lifetime, except so much of said income as may be necessary to carry out the provisions of the first article of my will and the payment of such sums to keep said property in good repair, together with all taxes assessed on the same, and at his death the same shall descend to his heirs." *Held,* that the son took a fee simple estate in the residue.

Argued Oct. 27, 1897. Appeal, No. 97, Oct. T., 1897, by defendant, from judgment of C. P. No 1, Allegheny Co., June T., 1897, No. 294, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the marketable title of two lots of ground, one in the second ward of the city of Allegheny and the other in Ross township.

From the case stated it appeared that Frank Curry, the appellee, agreed to sell to Edmund B. Patterson, the appellant, the said lots, for the sum of $2,500. The appellee was to convey a fee simple title by a deed of general warranty. When the deed was tendered to the appellant by the appellee he refused to accept it for the reason that he was advised that appellee had but a life estate in the premises intended to be conveyed, and not an estate in fee simple.

It was agreed that if the court should be of opinion that a fee simple title to said premises became vested in plaintiff under the terms of said will, then judgment to be entered for plaintiff

in the sum of $2,500, but if not, then judgment to be entered for the defendant, either party reserving the right to appeal to the Supreme Court.

Other facts appear by the opinion of the court below, by SLAGLE, P. J., which was as follows:

The only question in this case is as to the title of Frank Curry to two lots of ground in the city of Allegheny, and about seven acres in Reserve township, which he has agreed to convey to defendant. Frank Curry is the only son and sole heir of Rachel Curry, deceased, and his title depends upon the effect of the will of his mother. The first clause of the will is as follows:

" First of all I direct that all my just debts and funeral expenses be paid, together with the costs of a burial lot and a suitable monument . . . . out of rents accruing from real estate of which I may be seized at death.

" Second. I give and bequeath unto my son Frank Curry seven acres of ground . . . . in fee simple.

" Third. The residue of my real estate, known as seven acres, (pasture lot) also two houses and lots on Ohio street, I will that my son, Frank Curry, have all the income or emoluments arising from the same during his natural lifetime, except so much of sd. income as may be necessary to carry out the provisions of the first article of my will and the payment of such sums to keep said property in good repair, together with all taxes assessed on the same, and at his death the same shall descend to his heirs."

No disposition is made of personal property, and no executor is named.

The question is whether Frank Curry, the plaintiff, has a fee simple title. We think this case is clearly within the principles of Hiester v. Yerger, 166 Pa. 445, and the cases upon which it was ruled. By devise of rents, profits and income of lands, the corpus of the estate passes: Silknitter's Appeal, 45 Pa. 365; Wilson v. McKeehan, 53 Pa. 79; Drusadow v. Wilde, 63 Pa. 170; Dale v. Dale, 13 Pa. 446. The fact that the gift was charged with the payment of debts and other expenses would not tend to lessen the estate, but rather to enlarge it. Such a charge was held to indicate an intention to grant a fee simple

without words of inheritance, before the passage of the act of April 8, 1833, sec. 9, giving such an effect to a general devise. No other person is, or can become interested in the income of this estate, and the amount to be expended, except for payment of debts, is left to the discretion of the devisee. There can be no doubt that the plaintiff took a life estate in the lots mentioned. In this case there is no devise over. There is no devise of the remainder at all. It is simply provided that at the death of the life tenant "the same shall descend to his heirs." Not only as to the persons to take, but as to the mode of taking, the words are strictly technical.

Technical words, or words of a definite meaning in a will, must be construed according to their legal or definite effect, unless from other inconsistent words in the will it be clear that the testator intended to use them in some other definite sense: Carroll v. Burns, 108 Pa. 386. In most of the cases in which the question has been considered there was a specific devise to heirs and in many of them qualifying words, as in Criswell's App., 41 Pa. 288, "to their heirs jointly, to such of them as be then living;" in App. of Cockins and Harper, 111 Pa. 26, "in equal amounts to all heirs living at the time of their deaths;" in Hiester v. Yerger, 166 Pa. 445, "unto his then surviving heirs in fee simple." In these and many other cases, the rule in Shelley's case was held to apply and to create an estate in fee simple, and surely it must be applicable to this case in which the words are unqualified, are purely technical, and have a well defined legal meaning. The rule in Shelley's case is applicable without regard to the actual intent of the testator. Carroll v. Burns, 108 Pa. 294.

But in this case it is questionable whether the actual intent of the testator was different from the legal effect. All her real estate was given to her son, and the personal estate, if any, passed to him under the intestate laws. The only doubt arises from the fact that in the second clause of the will she devised to him one piece of ground in fee simple by apt words. Her purpose in not doing so, as to the residue, is not apparent, but it is probable that she had some undefined notion that it should be held until the debts and the cost of a burial lot and monument were paid out of the income. However this may be, the estate granted is clearly a fee simple estate, which the plaintiff has the

right to convey, and judgment must be entered in favor of plaintiff on the case stated.

And now, May 15, 1897, on argument list, and judgment is now ordered to be entered for plaintiff in the sum of $2,500 and costs.

*Error assigned* was in entering judgment for plaintiff.

*Edmund B. Patterson*, for appellant, cited, Dodge's App., 106 Pa. 216; Porter's App., 45 Pa. 201; Eby's App., 50 Pa. 311; Robins v. Quinliven, 79 Pa. 333; Greenwood v. Rothwell, 5 Man. & G. 628; Carroll v. Burns, 108 Pa. 386; Guthrie's App., 37 Pa. 9; Chew's App., 37 Pa. 23.

*George D. Riddle*, for appellee.—A devise of the "rents and profits" or "income" of land since the days of Coke, has been considered prima facie as passing the land itself: Schuler on Wills, sec. 503; Drusadow v. Wilde, 63 Pa. 170: Kiefel v. Keppler, 173 Pa. 181; Appeal of Cockins and Harper, 111 Pa. 26; Hiester v. Yerger, 166 Pa. 446; Brendlinger v. Brendlinger, 26 Pa. 132; France's App., 75 Pa. 220; Moyer's Est., 30 W. N. C. 477.

PER CURIAM, November 8, 1897:

The facts upon which this contention depends are set forth in the case stated, and need not be repeated. As to the questions arising upon those facts, all that need be said will be found in the opinion of the learned judge of the common pleas. On that opinion the judgment is affirmed.