IN RE ESTATE OF GEORGE B. DARR.
JOHN DARR ET AL., APPELLEES, V. KATE E. DARR, ADMINISTRATRIX, ET AL., APPELLANTS.

FILED DECEMBER 8, 1925. No. 23495.

Wills: CONSTRUCTION. Where the will provided: "I bequeath all my property, both real and personal, to my beloved wife, Kate E. Darr, to have absolutely. At her death without issue one-half of all property remaining shall revert to my brothers and sisters in equal share"—*held*, that the wife took the entire estate (subject to debts) to have, hold, and convey without limitation, together with the usufruct thereof, save and except that, if she dies without issue, one-half of the bequeathed property remaining unconveyed by Kate E. Darr in her lifetime passes to the testator's brothers and sisters, share and share alike, and to the heirs of such of them as may then be deceased.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Reversed, with directions.*

*Smith, Schall, Howell & Sheehan* and *Congdon & Finlayson,* for appellants.

*S. L. Winters* and *H. J. Beal, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

This action comes to this court on appeal from the district court for Douglas county. The sole question for our determination is the construction to be given the last will and testament of George B. Darr, deceased, which, omitting

the formal parts, is as follows: "Being of sound mind I make this my last will and testament. I bequeath all my property, both real and personal, to my beloved wife, Kate E. Darr, to have absolutely. At her death without issue one-half of all property remaining shall revert to my brothers and sisters in equal share."

Kate E. Darr and the administrator, appellants, contend that by this will George B. Darr gave all his property to her absolutely and that by the last clause he did not intend to curtail or limit her right to such absolute ownership and enjoyment of the property, but by such clause simply expressed the wish that, upon her death without issue, one-half of the bequeathed property remaining should pass to his brothers and sisters in event she was of a like notion. John Darr, Anna Mary Scanlon, and Elizabeth Darr, by John Darr her next friend, brothers and sisters of George B. Darr, and heirs of such as are deceased, appellees, contend in their amended and supplemental petition that a proper construction of the will should be: "That the brothers and sisters of George B. Darr each took an undivided one-fourth interest in and to an undivided one-half of said estate, real and personal, subject to the life estate of the widow, Kate or Katherine E. Darr. That Kate E. Darr took only a base or determinable fee to said estate, and that if she dies, which she now must, without issue, that one-half of the fee should and does go to the brothers and sisters of George B. Darr."

Upon the issues raised the district court construed the will to give Kate E. Darr "a full, absolute, complete and unrestricted title in and to one-half of said estate, both real and personal, of which said deceased died possessed and seised, and that the said Kate E. Darr should have and take, upon the death of the said George B. Darr, under and by virtue of said will, a base or determinable fee in and to the other one-half of the lands, to be determined and terminate should the said Kate E. Darr die without issue, and conditional title and ownership in and to the other one-half of the personal property should the said Kate E. Darr die

without issue, but that should said Kate E. Darr die with issue, then the said Kate E. Darr should have and take all of said estate, both real and personal, under and by virtue of said will, by a full, absolute, complete and unrestricted title in and to all of said estate."

It must be noted at the outset that appellees present a somewhat different contention in this court from that presented in the district court, as shown by their allegations hereinbefore quoted, for on pages 62 and 63 of their brief they say: "She (Kate E. Darr) had, and has, the use and benefit of this whole estate in any event, as long as she lives, and one-half of it is hers absolutely to dispose of as she sees fit. At her death without issue, one-half of all property remaining should revert to his brothers and sisters in equal share."

In our further consideration we shall use the term brothers and sisters in referring to the appellees, and the word widow in referring to appellants. The brothers and sisters contend that, as the first clause of the will is without words of inheritance, a fee simple title and full ownership were not intended to be given the widow. In this they are answered by section 5590, Comp. St. 1922, which provides: "The term 'heirs,' or other technical words of inheritance, shall not be necessary to create or convey an estate in fee simple." Furthermore, section 1242, Comp. St. 1922, provides: "Every devise of land in any will hereafter made, shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear by the will, that the devisor intended to convey a less estate." It will be noticed that this section specifically directs as to the proper construction of wills. That the word "clearly" in such section is significant in such construction has been held by this court ever since the decision in *Little v. Giles*, 25 Neb. 313. It was this word that caused the supreme court of the United States to reverse itself in *Roberts v. Lewis*, 153 U. S. 367, wherein it is held: "Under a will, by which the testator devises and bequeaths to his wife 'all my estate, real and personal, of which I may die

seised, the same to be and remain hers, with full power, right and authority to dispose of the same as to her shall seem most meet and proper, so long as she shall remain my widow, upon the express condition, however, that if she should marry again, then it is my will that all of the estate herein bequeathed, or whatever may remain, should go to my surviving children, share and share alike,' the widow has power during widowhood to convey to third persons an estate in fee simple in his lands." Then, again, the word "absolutely" used in the will in the instant case means: "Without condition, exception, restriction, qualification or limitation." Black, Law Dictionary.

As to the contention of the widow that, having disposed of the entire estate to her in the first clause of the will, the second clause should not be considered, it is sufficient to say that section 5594, Comp. St. 1922, provides: "In the construction of every instrument creating or conveying, or authorizing or requiring the creation or conveyance of any real estate, or interest therein, it shall be the duty of the courts of justice to carry into effect the true interest (intent) of the parties, so far as such intent can be collected from the whole instrument, and so far as such intent is consistent with the rules of law."

These statutes above quoted relieve us from the strict application of common-law canons of construction of wills in this state, and direct us to glean the intent of the testator from the instrument he has left, considering it is an entirety, and giving each word, clause, or paragraph thereof a part in the disposition of his property. With these conclusions in mind, let us consider the will, observing it with a view of determining the intent of the testator, as shown by the record. He and his wife at the time it was made were without living issue or heirs of their body. They had accumulated their property, as we infer, by their joint efforts. The record is without even a charge of a lack of that love and affection usually existing between husband and wife. At the making of this will, in 1905, Mrs. Darr was about 52 years of age. George B. Darr lived until February

17, 1922, and during all the time intervening, although they were without issue, no change was made in the will. Neither is it shown what property he possessed in 1905. What would be more natural than that he should desire that his wife should have their accumulations, to have and to hold and convey as to her might seem meet and proper? Thus, the first clause in the will. Then, as to the second clause: Although, as we have seen, they were without issue, he, with a human yearning for offspring, called to mind that there might be such issue, and, being so minded, he said in this second clause, in effect, that, if such child should be born, he trusted to her to provide for it by will as to all of the property remaining, if she so desired. But, if she should die without issue, then one-half of the property bequeathed "remaining" should "revert" to his brothers and sisters.

Lack of harmony in our holdings under the statutes hereinbefore quoted is presented. This alleged inharmony disappears when the conclusion reached in each case is applied to the facts therein. We have consistently followed the rule of giving force to every part of the will for the purpose of ascertaining the intent of the testator, and have striven to carry out such intent so far as found to be consistent with the rules of law, accepting, as above indicated, statutory direction, rather than common-law canons of construction. In *Little v. Giles, supra,* we held: "A devise 'to my beloved wife, Editha J. Dawson, I give and bequeath all my estate, real and personal, of which I may die seised, the same to remain hers, with full power, right, and authority to dispose of the same as to her shall seem most meet and proper, so long as she shall remain my widow, upon the express condition, however, that if she shall marry again, then it is my will that all of my estate herein bequeathed, *or whatever may remain,* shall go to my surviving children share and share alike,' etc. *Held,* that under the statutes of this state a conveyance of such real estate by Editha J. Dawson, after the death of the testator and before her remarriage, conveyed the fee to such realty, and her subsequent marriage did not affect the title to the same." It was further

held that the words, " 'Or whatever may remain,' in the will, apply to both the real and personal estate, and are restricted to such part of the estate as remained undisposed of at the time of the second marriage of Mrs. Dawson." The law announced in this case has been controlling from its rendition down to and including the decision in *Krause v. Krause*, 113 Neb. 22.

Thus, considering the law and applying it to this will, it is plain that the testator intended to, and did, devise and bequeath to his wife, Kate E. Darr, all of his property, real and personal, of every kind and nature whatsoever, and wherever situate, to have, hold, and convey as her own without limitation, together with the usufruct thereof (subject to debts), save and except that, if she dies without issue, one-half of the bequeathed property remaining unconveyed by Kate E. Darr in her lifetime passes to and becomes the property of the testator's brothers and sisters, share and share alike, and to the heirs of such of them as may then be deceased. This gives full force and effect to each and every provision of the instrument under consideration, and is clearly the expressed intent of the testator.

The judgment of the district court is reversed and the cause is remanded, with instructions to enter judgment in accordance with this opinion.

REVERSED.