THOMAS K. HILLS ET AL. *v.* HELEN HART ET AL.

MALTBIE, C. J., BROWN, JENNINGS, BALDWIN AND O'SULLIVAN, JS.

Argued February 14—decided March 7, 1950.

*Charles M. Lyman,* for the appellants (plaintiffs).

*Charles S. House,* for the appellees (defendants).

MALTBIE, C. J. This case came to the Superior Court as an appeal from an order of distribution made by the Probate Court for the district of Hartford in the estate of Horace W. Hills. The plaintiffs, sons of a nephew of the decedent, claimed an interest in the estate under the terms of his will. The Probate Court decided that they had no such interest and they appealed to the Superior Court. The case was submitted to that court upon the admission by the defendants of the facts alleged in the reasons of appeal. The court affirmed the decree of the Probate Court and the plaintiffs have appealed to this court.

The testator had two sisters and a brother. One of the sisters survived him, as did children of the other sister and of the brother. In the fifth article of his will the testator directed that the residue of his estate should be divided into three equal portions; one of these he gave to his surviving sister or, if she predeceased him, to her children; another he gave to or in trust for the children of the sister who died before him; and the third part he gave to or in trust for the children of the brother who had predeceased him. It is with the disposition of the last that we are directly concerned.

That part he divided into five equal portions: One of these he gave to Alice, a daughter of his brother, with a subsequent provision that if she predeceased him her children should take the property; three portions he gave to the Connecticut Trust & Safe Deposit Company in separate trusts for Grace, Nellie and Sarah, three other daughters of the brother, the net income to be paid to them, and at the death of each the principal to be paid to her children; and the remaining portion he gave in trust for Charles, a son of his brother, with direction that the trustee should pay

over such portion of the income to him or for his support as it should deem advisable, and at his death pay over the principal of the fund, with any accumulations, to his children. Then followed this provision: "In case any of the other of my said nephews or nieces, to wit: Grace, Charles, Nellie and Sarah shall die either before or after my decease leaving no issue, then and in either of said events, the portion of my estate which is given for the benefit of such nephew or nieces, if they had survived, shall be divided among the said Alice Hart if living—or her children, if dead—and the Connecticut Trust and Safe Deposit Co. as follows: the said Alice shall receive one part and if she is dead—her children —one part—and the Connecticut Trust & Safe Deposit Co. as many parts as there are then surviving in number of the said Grace, Charles, Nellie and Sarah, to be taken by the said Alice, to be to her and her heirs forever, and by said Connecticut Trust & Safe Deposit Co., as trustee for the respective parties then surviving upon the same trusts as mentioned herein with reference to the other trust estates given for the benefit of the same person or persons."

The eighth article of the will reads as follows: "In case any person to whom I have in any contingency in and by this will, given or devised any absolute estate shall die before the happening of such contingency leaving a child or children, then upon the happening of such contingency, I give and devise to such children equally the same estate, as their parent would have received had such parent survived. But in case any such person shall die either before my own decease, or after and before the happening of the contingency at which such person would receive any interest in my estate, leaving no child or children, then I direct that such lapsed gift or devise shall be divided among and I do hereby give and devise the same to the other legatees

and devisees, in the same branch of our family, in the same proportions and upon the same trusts and conditions as are provided above for the balance of my estate."

Alice, Grace, Nellie, Sarah and Charles all survived the testator. Sarah died in 1907 leaving no issue. Charles died in 1915, leaving two sons, who are the plaintiffs. Alice died in 1925, leaving two children. Nellie died in 1943, leaving no issue. Grace died in 1948, also leaving no issue. Of Alice's two children, one, Elizabeth, died after Nellie but before Grace, and the other, Helen Hart, survived Grace. The Probate Court decreed that the trust estate which had been held for Grace should be distributed to Helen Hart, surviving daughter of Alice. The plaintiffs, sons of Charles, claim that they are entitled to share in the distribution by reason of the provisions of the eighth article of the will.

The plan of the testator with reference to the third of the residue which was given to or for the children of his deceased brother is clearly expressed in the will. If any of them died leaving children, they were to take the share of the parent absolutely; but if any of the four for whom trusts were established died without issue the trust fund established for him or her was to be divided among Alice, or if she had died any children she left, and the trusts for the surviving members of the group, with the result that, if any of them left children when he or she died, the children would have the benefit of that share.

The fifth article makes a complete disposition of the third of the residue with which it was concerned. The clear intention expressed in the part of the article quoted above is that upon the death of any of the beneficiaries without issue his or her portion of the estate should then be distributed as provided in it. It

is true that the plan of this portion of the will would produce an inequality between the family stocks of the beneficiaries, as is illustrated by the controversy before us; in the distribution of the share of the estate which was held in trust for Grace, the decree of the Probate Court awards the entire amount to the surviving child of the testator's niece Alice, but the surviving children of his nephew Charles get nothing. But, had the testator intended to avoid that result, he could, and it is presumed that he would, have provided that, in the disposition of the share of one of the beneficiaries who died without issue, the children of any of the other beneficiaries who had died before that time were to share. He did so provide as to the children of Alice, and the fact that he omitted such a provision as regards the children of those for whom he established trusts is a very clear indication that he did not intend that they should share in the distribution of any of the trusts which terminated after the death of the parent. The distribution on the death of any of the beneficiaries without issue was to be made to the trusts for such of the other beneficiaries as "are then surviving"; when Charles died before Grace, any possibility of his receiving the benefit of the trust established for her then ended; and he had no interest left in the estate which could pass to the plaintiffs, his children. The court could hold that the plaintiffs should share in the trust fund given for Grace only by reading into the fifth article a provision which is not there; and that it cannot do. *Willis* v. *Hendry*, 130 Conn. 427, 436, 35 A. 2d 207.

The plaintiffs rest their claim upon the provisions of the first sentence of the eighth article. There are several reasons why this provision cannot avail them. It applies only where the testator has given or devised an "absolute estate" upon a contingency. The words

"absolute estate" as used in a gift or devise by will have no such fixed or precise meaning that they can prevail over the intent of the testator as disclosed by reading the will as a whole in the light of the circumstances surrounding the testator. *Greenwich Trust Co.* v. *Converse,* 100 Conn. 15, 26, 122 A. 916. All down the years, however, we have in our opinions used the words as meaning an estate without condition, qualification or limitation, and specifically on occasion we have so used them in contradistinction to a trust estate.[1] That this is the meaning ordinarily given to the words "absolute estate" as used in testamentary provisions does not admit of doubt. *Bradford* v. *Martin,* 199 Iowa 250, 253, 201 N. W. 574; *Moran* v. *Moran,* 143 Mich. 322, 324, 106 N. W. 206; *In re Estate of Darr,* 114 Neb. 116, 119, 206 N. W. 2; *Nunn* v. *O'Brien,* 83 Md. 198, 201, 34 A. 244; see *Falconer* v. *Buffalo & J. R. Co.,* 69 N. Y. 491, 498. In the will before us the testator made only two types of gifts, those which conveyed a full and complete interest to the beneficiaries, and those which gave property in trust for certain of them. When in this article, he used the words "any absolute estate" he evidently was referring to gifts other than those in trust. As Charles, the father of the plaintiffs, received no interest under the will except as beneficiary under a trust, he would not

---

[1] *Judd* v. *Bushnell,* 7 Conn. 204, 212; *Brewster* v. *McCall's Devisees,* 15 Conn. 274, 291; *Alsop* v. *Russell,* 38 Conn. 99, 101; *Evans' Appeal from Probate,* 51 Conn. 435, 438; *Mansfield* v. *Mix* (trust), 71 Conn. 72, 76, 40 A. 915; *Plaut* v. *Plaut,* 80 Conn. 673, 677, 70 A. 52; *Meriden Trust & Safe Deposit Co.* v. *Squire,* 92 Conn. 440, 446, 103 A. 269; *Birge* v. *Nucomb,* 93 Conn. 69, 73, 75, 105 A. 335; *Gilman* v. *Gilman* (trust), 99 Conn. 598, 630, 122 A. 386; *Burnham* v. *Burnham,* 101 Conn. 529, 533, 126 A. 704; *Hartford-Aetna National Bank* v. *Weaver,* 106 Conn. 137, 141, 143, 137 A. 388; *Peyton* v. *Wehrhane* (trust), 125 Conn. 420, 435, 6 A. 2d 313; *Burley* v. *Maguire,* 127 Conn. 242, 246, 16 A. 2d 358; *Duncan* v. *Higgins,* 129 Conn. 136, 145, 26 A. 2d 849.

come within the provision that if any person to whom the testator gave "any absolute estate" should die leaving children they should take in his place. The conclusion that the plaintiffs could not take by reason of the eighth article is fortified by this further circumstance: It is provided that such children should take "the same estate as their parent would have received, had such parent survived." But Charles, the father of the plaintiffs, had he survived Grace, would have taken no estate in his own right, but only an interest as beneficiary under the trust established for him, increased in amount by a share in the fund given for her benefit, which would have ended at his death; and so, after his death, there was nothing to which his sons could succeed. Nor can a broader meaning be given to the first sentence of the eighth article by the use in the second sentence of the unqualified word "interest." It is provided: "But in case any such person" shall die without leaving a child or children, the fund shall be divided among those of the same branch of the family. "Such person" can only refer back to the first sentence with its description of "any person" to whom the testator had given an "absolute estate."

The language of the eighth article itself indicates that the testator was fearful that in view of the rather elaborate provisions of his will he had failed to provide for a situation falling within this article which had been overlooked in the specific dispositions he had previously made of his estate. It is to be assumed, as the plaintiffs claim, that a testator intends that all the provisions of his will shall be operative; but that assumption cannot be pressed to the point where a provision is to be given an effect beyond the intent expressed in it. Moreover, there are a number of situations where the first sentence could literally apply. In the case of each of the four trusts established in

the fifth article, it is provided that on the death of a life beneficiary leaving children the principal is to be paid to them, with the obvious intent that they shall take a full and unconditional interest in it, that is, an "absolute estate"; if any of these children should die before the life beneficiary, leaving children, the situation would be one where the testator had given an "absolute estate" to the child upon the contingency that he should survive the life beneficiary, and he had died before the happening of the contingency, leaving children.

We agree with the trial court that the plaintiffs were not entitled to share in the distribution of the trust fund left when Grace died leaving no issue.

There is no error.

In this opinion the other judges concurred.