### MAINE *against* BAILEY :

#### IN ERROR.

Though a contract set out in the declaration is not the gist of the action, this does not dispense with the necessity of proving it as alleged, unless the whole of it is so impertinent that it may be struck out as surplusage, without injury to the cause of action.

In an action on the case for fraud in the sale of a chattel, the contract of sale, though not the gist of the action, is an essential part of the plaintiff's claim, and must be proved as stated.

Therefore, where the declaration in an action on the case for fraud in the sale

of a cow, stated, that the plaintiff purchased the cow of the defendant at the price of 29 dollars ; and the proof was, that the defendant sold the cow, with a heifer and calf, and that they were sold together for the price of 58 dollars, for the whole ; it was held, that there was a fatal variance.

THIS was an action on the case for fraud in the sale of a cow, brought, by *Maine* against *Bailey*, to and tried in the county court.

The declaration alleged, That on or about the 1st day of *May* 1840, the plaintiff purchased of the defendant a certain six years old cow, the property of the defendant, at the price of 29 dollars, which the plaintiff then paid to the defendant, as and for the price of said cow ; which said cow the defendant delivered to the plaintiff, and the plaintiff purchased of the defendant, as and for a sound and healthful cow : and the defendant, to induce the plaintiff to give the price aforesaid, at the time of said sale and delivery, did falsely, fraudulently and deceitfully affirm and declare, that said cow was sound, healthful and free from any defect whatever, as he believed and knew ; but that, at the time of said sale and delivery, said cow was sick and unsound, and then, and for a long time before, had an incurable disease, which was well known to the plaintiff.

On the trial, the only proof of the terms upon which the cow mentioned in the declaration was sold, by the defendant to the plaintiff, came from one *Harris*, who testified, that the defendant sold the cow, with a heifer and calf, and that they were sold together at the price of 58 dollars for the whole. The defendant thereupon claimed, and prayed the court to instruct the jury, that the plaintiff was bound to prove the price paid for the cow, as alleged in his declaration ; and that the variance between the price alleged and that proved was sufficient to preclude the plaintiff from a recovery in this action. The court did not so instruct the jury, but instructed them, that though such variance might be fatal, if the plaintiff had brought his action on the contract, yet as he here sued for the fraud, if he made out the fraud alleged, the defendant would be liable.

The jury returned a verdict for the plaintiff ; and the defendant, having filed a bill of exceptions to the charge of the court, brought a writ of error in the superior court. The judgment of the county court was there reversed ; and there-

upon the original plaintiff, by motion in error, brought the record before this court for revision.

*Tyler,* for the plaintiff in error, admitting that if this were an action of *assumpsit on the contract,* the variance would be fatal, contended, that in this case, where the action is one *ex delicto,* not founded on contract, but in fraud, if the fraud alleged is proved, the plaintiff is entitled to recover, though he may fail in proving the contract and the consideration as alleged. In the former case, the non-performance of a promise, is the ground of action ; but in the latter, the fraud is the *gist* of the action, and the breach of promise an incident merely. The authorities on the subject of variance occur chiefly in actions of *assumpsit,* and do not controul this case. The rigourous rule established in *Bristow* v. *Wright* & al. *Doug.* 665. was never applied to actions other than those *ex contractu.* In *Gwinnet* v. *Phillips* & al. 3 *Term Rep.* 643. Lord *Kenyon* says, " I have heard both in and out of courts, that the doctrine in *Bristow* v. *Wright* must be confined to contracts." And *Buller,* J., in the same case, says, " This court has repeatedly decided, that that case [*Bristow* v. *Wright*] was not an authority beyond the cases of contracts."

That the *gist* of this action was the *tort,* and not the contract out of which it arose, is fully supported, by the cases of *Govett* v. *Radnidge* & al. 3 *East,* 62. and *Cunningham* v. *Kimball,* 7 *Mass. Rep.* 65. And these cases shew also, that a variance in that class of cases, is not fatal.

Here it was unnecessary to specify the price, by averment. It would have been sufficient to aver, that a valuable consideration was paid. Nor does the allegation of a specific sum paid, bind the plaintiff to prove that precise sum. *Purcell* v. *Macnamara,* 9 *East,* 157. *McKinly* v. *Rob,* 20 *Johns. Rep.* 351. *Vowles* v. *Miller,* 3 *Taun.* 137. *Farewell,* admr. v. *Dickinson,* 6 *B. & Cres.* 251.

*Strong,* for the defendant, insisted, 1. That in an action on the case or *assumpsit,* the consideration constitutes an essential part of the contract, and a variance between the allegation and the proof will be fatal. *Kellogg* v. *Denslow,* 14 *Conn. Rep.* 411.

2. That when the cause of action grows out of and depends upon a contract, a variance between the proof and the declaration is equally fatal, when the form of action is in tort, as when it is *assumpsit.* 1 *Phil. Ev.* 208. (*Cow. & Hill's* ed.) *Rosc. Ev.* 47. 1 *Stark. Ev.* 345. *Weal* v. *King,* 12 *East,* 402. *Green* v. *Greenbank,* 2 *Marsh.* 485. *Lopes* v. *De Tastet,* 1 *Brod. & Bing.* 583. *Walcott* v. *Canfield,* 3 *Conn. Rep.* 194. *Drake* v. *Watson,* 4 *Day* 37. *Wilmot* v. *Monson,* 4 *Day,* 114.

3. That the variance in this case, was a material one.

HINMAN, J. The plaintiff alleges in his declaration, that on or about the 1st day of *May* 1840, he purchased of the defendant a certain six years old cow, the property of the defendant, at the price of 29 dollars, which the plaintiff then paid to the defendant, as and for the price of said cow. The only proof to support this part of the declaration, was the testimony of one *Harris,* " that the defendant sold the plaintiff said cow, with a heifer and calf, and that they were sold together, at the price of 58 dollars for the whole." The variance between the allegation and the proof, is too palpable for illustration or argument.

But it is claimed, that as this is an action of deceit, for fraud in the sale, fraud is the *gist* of the action, and the contract an incident, merely ; and, therefore, the variance is said to be immaterial. If this was a question, whether the plaintiff had not stated the contract with more particularity than was necessary, the doctrine contended for would undoubtedly apply. But the mere circumstance that a contract set out in the declaration is not the gist of the action, does not dispense with the necessity of proving it.

A contract is entire and indivisible ;—and when alleged, must be proved as alleged, unless the whole of it is so entirely impertinent, that it may be struck out as surplusage, without injury to the pleading. If, therefore, the proof materially varies from the contract stated, the whole foundation of the action fails. And this rule applies, as well to actions of tort, as to actions of contract, where the contract is necessary to be stated, in order to maintain the ground of action. *Bristow* v. *Wright, Doug.* 665. 1 *Chitt. Plead.* 307. *Bulkley* v. *Landon,* 2 *Conn. Rep.* 413. per *Gould,* J. *Kellogg* v.

<div style="margin-left-note">*Windham,* July, 1842.

Maine *v.* Bailey.</div>

*Denslow,* 14 *Conn. Rep.* 411. 425.   1 *Phil. Ev.* 208. (*Cow. & Hill's* ed.)   And though a traverse cannot be taken on an immaterial point, yet it frequently happens, that where material matter is alleged, with an unnecessary detail of circumstances, the essential and non-essential parts of the statement are, in their nature, so connected, as to be incapable of separation, and consequently, the whole must be proved.

The question, therefore, is not, whether it was necessary for the plaintiff to allege, in his declaration, the price which he paid for the cow ; but whether, having made the allegation, it is necessary for him to prove it.   And this depends upon the question, whether the whole contract can be stricken out, and still leave the plaintiff a good declaration.   But the plaintiff's whole claim is grounded upon a contract ; upon a sale by the defendant, and a purchase by the plaintiff: and though fraud is the gist of the action, yet that fraud was committed in the sale of the cow; and had there been no contract, it is very evident there could have been no fraud; as there is nothing else in the case, upon which fraud can be predicated.

There is, therefore, no error in the judgment of the superior court.

The other Judges were of the same opinion, except CHURCH, J., who was not present.

<div align="right">Judgment affirmed.</div>