EDWARD FRANKLIN WEED ET ALS., EXECUTORS, *vs.*
BARBARA LOUISE HOGE ET ALS.

Third Judicial District, Bridgeport, April Term, 1912.
PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH
WHEELER, Js.

A testatrix by her will directed the executors to sell and dispose of all her real estate situated in this State as soon after her death as possible, authorizing and empowering them to execute and deliver proper deeds therefor, and gave a portion of the proceeds of the sale to her husband. *Held* that, through the application of the doctrine of equitable conversion this gift is to be regarded as one of personalty and not of realty, and therefore a specific legacy.

A gift of the proceeds of the sale of specific real estate or chattels is specific.

By a codicil the testatrix provided as follows: "I do give, devise and bequeath to my said husband all the right, title and interest that I may have at the time of my decease in and to certain real estate situated on West 143rd Street, near Riverside Drive, in the City and State of New York, consisting of five lots with buildings

Weed *v*. Hoge.

thereon." Her only interest in this property was a mortgage interest. *Held:*—

1. That her interest was personal estate by the law both of New York and of this State.
2. That the property is sufficiently described to establish its identity and satisfy the requirements of a valid gift.
3. That although the gift is in form a devise of lands, it is effective to pass the mortgage interest.
4. That the bequest is specific.

A bequest of the rest, residue and remainder of the testatrix's "personal effects, including furniture, bric-a-brac, etc.," following the gift in earlier paragraphs of the will of a few particularly enumerated articles, is, as to those not thus disposed of which fall within the description, a specific bequest. The fact that the descriptive language includes numerous articles does not render the bequest any less specific.

All of the above legacies being specific, they are not subject to abatement in favor of, or charge on account of, general legacies.

Argued April 19th—decided June 13th, 1912.

SUIT to determine the construction of the will and codicil of Louise C. Weed of Darien, deceased, brought to and reserved by the Superior Court in Fairfield County (*Case, J.*), upon an agreed statement of facts, for the advice of this court.

Mrs. Louise C. Weed, late of Darien, dying November 19th, 1910, left an estate inventoried at $59,130.86. Included in the inventory was a piece of real estate in Darien valued at $35,000, and a bond for $17,000 secured by mortgage upon real estate located on 143d Street, New York City, near Riverside Drive. The remaining items of the inventory consist of cash and securities of the appraised value of $6,412.56, the contents of a barn valued at $100, and household furniture and personal effects amounting to a little over $700 as appraised.

By her will and codicil she gave to three friends or relatives her wearing apparel, a silver service, and certain paintings, engravings, and photographs. She also made gifts of money, amounting to $16,000, to various

persons and objects, one of which was a gift of $2,500 to her husband, who survived her. Three other provisions in favor of the husband are made in the instrument. One is contained in the tenth paragraph of the will, as follows: "Tenth: I hereby direct my executors hereinafter named to sell and dispose of all my real estate situated in the State of Connecticut, as soon after my death as possible, and I do hereby give and bequeath one twenty first $(\frac{1}{21})$ part of the proceeds of said sale to The Door of Hope Settlement, located at Tappan, New York, and the remaining twenty twenty first $(\frac{20}{21})$ part of said proceeds to my said husband, the same to be his absolute property, to him and his heirs forever. And I do hereby authorize and empower my said executors to execute and deliver a proper deed or deeds for the conveyance of said real estate as herein provided for." Another is contained in the fourth paragraph of the codicil, and reads: "Fourth: Whereas, by the tenth clause of my said will, I have left to my husband, Edward F. Weed, twenty twenty first $(\frac{20}{21})$ of all my real estate situated in the State of Connecticut, and whereas, since the date of said will, I have sold a portion of my property in said State, now therefore, in lieu of such property so sold, I do give, devise and bequeath to my said husband, Edward Franklin Weed, all the right, title and interest that I may have at the time of my decease in and to certain real estate situated on West 143rd street, near Riverside Drive, in the City and State of New York, consisting of five lots with buildings thereon." The third, found in the eighth paragraph of the will, is a gift of "all the rest, residue and remainder of my personal effects, including furniture, bric-a-brac, etc." The will contains a general residuary clause, and the testatrix's husband and another person are appointed executors without bonds, and with the power of sale of all realty.

No estate specifically bequeathed or devised is needed for the payment of debts or expenses of settlement of the estate.

*Galen A. Carter* and *Warren F. Cressy*, for the plaintiffs (executors).

*Nehmiah Candee*, for the defendants Annie Sczabo and Julia Kotze.

*John H. Light*, for the defendant Edward Franklin Weed.

*Nichols C. Downs*, for the defendant Barbara L. Hoge.

PRENTICE, J. The testatrix left an estate insufficient to satisfy the benefactions contained in her will. Some of her gifts must fail in part at least. What ones fall into this class, and the extent of the failure which will attend those which do so, depends upon the character of certain gifts in favor of her husband. In so far as these are specific legacies, the husband will be entitled to take without abatement. In so far as they are general, they must share, with the other general legacies which the will contains, in such reduction as may prove to be necessary. In so far as any of them are to be regarded as devises and not legacies, they must be dealt with in view of § 295 of the General Statutes, which makes all pecuniary legacies, in the event that the personal estate of the testator is insufficient for their payment, a charge on his real estate not specifically described and devised, unless otherwise directed in the will. Certain of the general legatees challenge, for one cause or another, the right which the husband asserts to take without charge or abatement what is in terms given to him, and thus seek to relieve their situation in the distribution of the estate from the consequences which would result to them if such a right were recognized. Questions are thus

presented as to each of the gifts to the husband excepting only the pecuniary legacy of $2,500.

The gift contained in the tenth paragraph is, through the application of the doctrine of equitable conversion, to be regarded as one of personalty and not of realty. The conditions which justify the husband in invoking this equitable principle are clearly present. *Emery* v. *Cooley*, 83 Conn. 235, 238, 76 Atl. 529; *Bates* v. *Spooner*, 75 Conn. 501, 508, 54 Atl. 305; *Ritch* v. *Talbot*, 74 Conn. 137, 144, 50 Atl. 42; *Duffield* v. *Pike*, 71 Conn. 521, 525, 42 Atl. 641.

The only interest which Mrs. Weed had in real estate situated on West 143d Street, New York City, was a mortgage interest. This was personal estate by the law of both New York and this State. *Trimm* v. *Marsh*, 54 N. Y. 599, 604; *Waterbury Savings Bank* v. *Lawler*, 46 Conn. 243, 245; *McKelvey* v. *Creevey*, 72 Conn. 464, 467, 45 Atl. 4.

It follows from these conclusions (1) that the questions presented for determination are to be resolved upon the basis that the several gifts to the husband in dispute are legacies; and (2) that § 295 of the General Statutes is not pertinent to their solution.

The fundamental distinction between general and specific legacies is that the former may be satisfied out of the general assets of the testator's estate without regard to any particular fund, thing, or things, while the latter are gifts of particular specified things, or of the proceeds of the sale of such things, or of a specific fund or a defined portion thereof. In the case of the former, there is no intent on the part of the testator to make a specific disposition of particular assets of his estate as such; in the latter case, the intent is that the attempted donation shall be satisfied by the delivery of specific property forming a part of the estate, and so described as to be identified as the subject of the gift, and in no

other way. If the specified property is not owned by
the testator at his death, the legatee, in the case of a
specific legacy, takes nothing. He has no claim upon
the general assets. *Brainerd* v. *Cowdrey*, 16 Conn. 1, 6;
*Crawford* v. *McCarthy*, 159 N. Y. 514, 518, 54 N. E.
277; *Bradford* v. *Haynes*, 20 Me. 105, 108; *Towle* v.
*Swasey*, 106 Mass. 100, 108; Page on Wills, § 768. A
general legacy has no reference to the actual state of the
testator's property, it being only supposed that he has
sufficient property which, being realized upon, will pro-
cure for the legatee that which is given him; while in
the case of a specific bequest it must be a part of the
testator's property itself. *Bothamley* v. *Sherson*, L. R.
20 Eq. 304. A specific legacy is the gift of something
"which a testator, identifying it by a sufficient de-
scription, and manifesting an intention that it should
be enjoyed or taken in the state or condition indicated
by that description, separates in favor of a particular
legatee, from the general mass of his personal estate."
*Robertson* v. *Broadbent*, L. R. 8 App. Cas. 812, 815.

Tried by this test, the gift of twenty twenty first $(\frac{20}{21})$
of the proceeds of the Connecticut real estate, con-
tained in the tenth clause of the will, is beyond ques-
tion specific. A gift of the proceeds of the sale of
specific real estate or chattels is specific. *Page* v.
*Leapingwell*, 18 Ves. Jr. 463, 465; *In re Jeffery's Trusts*,
L. R. 2 Eq. 68; *Martin, Petitioner*, 25 R. I. 1, 54 Atl.
589; *Boston Safe Deposit & Trust Co.* v. *Plummer*, 142
Mass. 257, 261, 8 N. E. 51.

The gift of the testatrix's right, title and interest
in the West 143d Street property in New York City,
contained in the fourth clause of the codicil, presents
two possible questions: one as to the sufficiency of the
description of the real estate, and the other as to the
adequacy of the language of the gift to carry the mort-
gage interest which alone the testatrix had.

The property is sufficiently described to establish its identity and satisfy the requirements of a valid gift by will. *Harman* v. *Gurner*, 35 Beav. 478; *Newton* v. *Lucas*, 6 Simons, 54; *Gauntlett* v. *Carter*, 17 Beav. 586; *Martin* v. *Smith*, 124 Mass. 111.

A devise in form of particular lands of which the testator is mortgagee only passes the mortgage interest as being that which he must have intended to be the subject of his gift. *Clarke* v. *Abbot*, Barn. Ch. 457, 461; *Woodhouse* v. *Meredith*, 1 Merivale, 450, 456. The same general principle has been applied where, under like conditions, the testator had in fact only an interest in the proceeds of a sale. *Devenish* v. *Pester*, 72 L. T. R. (N. S.) 816; *Cooper* v. *Martin*, L. R. 3 Ch. App. (1867–8) 47, 55; *In re Glassington*, L. R. 2 Ch. Div. (1906) 305. "The unmistakable reference to the lands as those comprised in the settlement . . . shows a clear intention to dispose of the property to which he was entitled under the trusts of that instrument, and, although he mistook the nature of his interest in that property, a gift of it as land, instead of money, arising from its sale, does not prevent his interest in it from passing to the person whom he clearly intended should take what he was himself entitled to under the settlement, to which he pointedly refers. What, after all, is a devise of land? It is only a devise of such estate or interest as the devisor has in the land, and *prima facie* whatever estate or interest the testator has in land will pass under a devise of it by that name, if it is specifically referred to so as to show that the testator had that particular land in his mind and if there is nothing else to answer the description." *Devenish* v. *Pester*, 72 L. T. R. (N. S.) 816, 818.

In the present case the will does not in terms purport to give the land, but the testatrix's right, title and interest in it. She had no right, title or interest in any

other real estate answering in any way to the description of the will. There is nothing which by possibility could have been intended as the subject of the attempted gift except the mortgage debt and security in question. Her manifest intention can be effectuated only by treating that as the subject of the bequest. Such a bequest is, of course, specific. *Wheeler* v. *Wood*, 104 Mich. 414, 417, 62 N. W. 577.

The bequest of the rest, residue and remainder of the testatrix's "personal effects, including furniture, bric-a-brac, etc.," follows the gift, in earlier paragraphs of the will, of a few particularly enumerated articles. As to those not thus disposed of which fall within the description of the testatrix, the bequest is beyond question specific. It was her unmistakable intention that her husband should have the very articles of the kind enumerated of which she should die possessed and that he should have nothing else in substitution for them. Her intent could not be satisfied save by the delivery to her husband of the particular things described forming a part of her estate at her decease, and the gift of them had no relation to her general assets so that they might be chargeable in any event for the delivery of like things or their equivalent. In the following cases it was so held under substantially similar conditions: *Borden* v. *Jenks*, 140 Mass. 562, 5 N. E. 623; *Tomlinson* v. *Bury*, 145 Mass. 346, 14 N. E. 137; *McFadden* v. *Hefley*, 28 S. Car. 317, 5 S. E. 812; *McKidd* v. *Brown*, 5 Grant's Ch. (Upp. Can.) 633; *Bleeker* v. *White*, 23 Grant's Ch. (Upp. Can.) 163; *Rudd* v. *Harper*, 16 Ont. Rep. (Can.) 422. See also to the same general effect, *Platt* v. *Platt*, 42 Conn. 330, 346. The fact that the descriptive language may include numerous articles does not render the bequest any less specific. *Tomlinson* v. *Bury*, 145 Mass. 346, 348, 14 N. E. 137.

The Superior Court is advised that all three of the

Norwalk v. Podmore.

gifts to Edward Franklin Weed, the husband of the testatrix, concerning which advice is asked, are specific legacies, and that the said Weed is entitled to receive what is thereby given without abatement in favor of, or charge on account of, the general legacies contained in the will.

No costs in this court will be taxed in favor of any of the parties.

In this opinion the other judges concurred.