WILLIAM E. SADLER *vs.* WILLIAM RICHARD SADLER
ET ALS.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A construction of a will which renders one of its provisions nugatory or causes a part of the estate to become intestate or to fall into the residuum, is to be avoided if legally possible.

The intent to be ascertained in the construction of a will is that which is discerned through the words used as applied to the subject-matter and the surrounding circumstances, and not that which is unexpressed or which rests upon a mere assumption as to what the testator wished to say but did not say.

When the testator's intent is ascertained, it will not be defeated by an obvious mistake, such as the use of a name incorrectly or a misdescription of the subject-matter.

After the death of her husband in 1893, the testatrix, who already owned an undivided one-half interest in his real estate, became entitled, by virtue of the laws governing the distribution of intestate estate, to one-third of his interest; and in 1905, upon the complete settlement of his estate, of which she was administratrix, a certificate of descent to that effect was issued by the Court of Probate. When she executed her will in 1916, apparently unmindful of these facts, she devised to her grandchildren "all right, title and interest which I have in and to any real estate now standing in the name of the estate of my deceased husband, Joseph Sadler (which estate is now in course of settlement) and also all right, title and interest which I may acquire in the future from the estate of said Joseph Sadler." *Held* that the law would not impute to the testatrix, as to a trained lawyer, knowledge of the legal principles of inheritance

or the rules of probate procedure; and that her language, read in the light of the conceded facts, was amply sufficient to identify the subject of the devise as the real estate which had already been transferred from her husband's estate to herself.

Argued January 19th—decided February 28th, 1928.

ACTION for a declaratory judgment as to the rights of the parties arising out of devises of real estate contained in the last will and testament of Anna S. Sadler, late of Bridgeport, deceased, brought to the Superior Court in Fairfield County and reserved by that court (*John Richards Booth, J.*), upon an agreed statement of facts, for the advice of this court.

*Gaza H. Mika,* for the plaintiff.

*Clifford B. Wilson,* for the defendant Alice Sullivan.

*Paul Goldberg,* for the defendants William Richard Sadler *et als.*

HAINES, J.  The testatrix, Anna S. Sadler, was the wife of Joseph Sadler, and married after April 20th, 1877.  Joseph died June 22d, 1893, intestate and possessed of real and personal estate in Bridgeport, and on June 17th, 1895, his widow was appointed administratrix and qualified as such.  The only real estate of Joseph consisted of an undivided one-half interest in a certain tract of land made up of three parcels, the entire tract being bounded north on Willard Street, east on land of St. Stephens Realty Corporation, south on land now or formerly of L. and C. Verrilli, and west on Hallett Street.  The other undivided one-half interest was then and until her decease, owned by the testatrix.

On September 16th, 1905, a certificate of descent was issued by the Court of Probate certifying that the one-half interest of Joseph Sadler had passed to the

widow, Anna S. Sadler, and the two children, Annie and William, and by these designations were intended Anna J. (Sadler) Sullivan and William E. Sadler. This gave one-sixth undivided interest to each and left the title in the name of the testatrix (owning four-sixths) and of the said children (each owning one-sixth).

The will of Anna S. Sadler was executed January 27th, 1916, and she added a codicil March 23d, 1916. She died September 8th, 1922, possessed of the said above described interest. The will was probated September 15th, 1922, and, the executor named in the will having resigned, an administrator *c. t. a.* was appointed and qualified, who filed his final account September 29th, 1923.

The testatrix left as her sole surviving children, the said William E. Sadler and Anna J. Sullivan. The children of the former are William R. Sadler, Francis J. Sadler and Raymond L. Sadler, and the only child of the latter is Alice Sullivan. All the above named parties were in being on the death of the testatrix.

The fourth clause of the will of the testatrix reads: "Fourth. All right, title and interest which I have in and to any real estate now standing in the name of the estate of my deceased husband, Joseph Sadler (which estate is now in course of settlement) and also all right, title and interest which I may acquire in the future from the estate of said Joseph Sadler, I give, devise and bequeath in the following proportions: One-half to the children of my son, William E. Sadler, to them and their heirs forever, and the other one-half to the children of my daughter, Anna J. Sullivan, to them and their heirs forever."

The will provided that the residuum of the estate should be divided equally between the testatrix's children, William E. Sadler and Anna J. Sullivan, and the

Court of Probate on October 23d, 1923, issued a certificate of devise certifying that, under the will of Anna J. Sadler, there was devised to Anna J. Sullivan and William E. Sadler an undivided one-half interest in the two-thirds interest of the testatrix in the above described premises.

The only questions submitted for our advice which are in a form admitting of a categorical answer are: "Did the defendants, William Richard Sadler, Francis Joseph Sadler, Raymond Leo Sadler, children of William E. Sadler and Alice Sullivan, child of Anna J. Sullivan, acquire, under paragraph four of the will of Anna S. Sadler, any interest in the real estate which said Anna S. Sadler inherited from the estate of Joseph Sadler, and of which she died possessed?" and, "If so, what interest did they acquire?"

It is the claim of these defendants that, under the will of their grandmother, they receive this one-sixth interest which she had received from her husband, in the following proportions, one thirty-sixth to each of the three children of William E. Sadler and one-twelfth to the child of Anna J. Sullivan.

The plaintiff reaches the conclusion that nothing passes under paragraph four of the will and that it is wholly inoperative and void, for the reason that the entire real estate received from the estate of her husband had been received and the estate finally settled eleven years before the testatrix drew her will, so that there was then no real estate standing in the name of the estate, the estate was not in course of settlement, and she received no interest thereunder. Such a conclusion rendering a provision of a will nugatory and making a part of the estate intestate or throwing it into the residuum, is to be avoided if legally possible. *Pease* v. *Cornell,* 84 Conn. 391, 395, 80 Atl. 86; *Allen* v. *Almy,*

87 Conn. 517, 522, 89 Atl. 205; *Hoadley* v. *Beardsley,* 89 Conn. 270, 277, 93 Atl. 535.

It is very clear that, at the time she drew this will, she did not know exactly what her interest was, or where the legal title stood, or whether it might come to her later. In attempting to ascertain her intention we are justified therefore in concluding that she was laboring under the mistaken belief that this interest had not yet been placed in her name. That she was uncertain how the title stood is evident from the statement inserted at this point in her will, viz., that her husband's estate was still in course of settlement. This in itself furnished strong evidence that either her recollection or her knowledge of legal matters was at fault. A careful attempt to guard against any mistake in this regard is indicated by the additional provision in which she also referred to "any interest which I may acquire in the future."

We know and she knew that the only interest in real estate which her husband had was the one-half interest in this tract in which she also held an interest. We think there can be no reasonable doubt therefore that the interest which she had in mind was in this particular property, and we consider the description in the words she used in connection with the conceded facts, is amply sufficient to identify it. *Weed* v. *Hoge,* 85 Conn. 490, 83 Atl. 636.

The situation compels this conclusion; indeed, with the facts which are before us, the clause can mean nothing else. Her uncertainty as to the extent of her interest and her obvious belief that the legal title had not then been put in her name, are sufficiently apparent from the language which she uses, and the uncertainty and misconception as to the state of the record title are, moreover, perfectly natural. We would not be warranted in ascribing to her the knowledge of the

laws of descent and familiarity with legal and probate procedure which we would ascribe to a trained lawyer. Reason and common sense are not to be excluded from consideration in ascertaining the intent of a testatrix under these circumstances. Nor does this conclusion bring us into the realm of conjecture. The intent is "discerned through the words of the will itself, as applied to the subject-matter and the surrounding circumstances." 2 Schouler on Wills (6th Ed.) §859; *Mosle* v. *Goodrich,* 94 Conn. 426, 109 Atl. 166. Nor is this intent an "unexpressed intent" or a mere assumption as to what the testatrix wished to say but did not say. *Birge* v. *Nucomb,* 93 Conn. 69, 72, 105 Atl. 335; *Wolfe* v. *Hatheway,* 81 Conn. 181, 185, 70 Atl. 645; *Comstock* v. *Comstock,* 78 Conn. 606, 612, 63 Atl. 449; *Jackson* v. *Alsop,* 67 Conn. 249, 253, 34 Atl. 1106.

The plaintiff urges that because the testatrix had been the administratrix of her husband's estate and therefore probably received and recorded the certificate of descent, she must have known that this interest of her husband had been acquired by her long before she drew her will. As we have suggested, such a presumption would be strong in the case of a trained lawyer or a business man familiar with legal and business matters generally, but it is not a conclusive presumption at all, and where the testatrix is a woman obviously unfamiliar with legal matters its weight is slight. It could even more forcibly be said that, having been the administratrix of her husband's estate, which was settled eleven years before, she must have known that that estate was not in process of settlement at the time her will was drawn. Yet the plaintiff concedes in his brief, as he fairly must, that "the testatrix undoubtedly believed that on January 27th, 1916, when she drew and executed her will, the estate of her husband Joseph Sadler was still in process of settlement; she be-

lieved that real estate was still standing in the name of the said estate and that at some future date she would acquire some right, title and interest from said estate." We share the plaintiff's view in this respect, and under the circumstances, the intention with which she used the language of paragraph four is to us perfectly clear. There was no other real estate which she could have had in mind and no other upon which her intent could have been fixed.

If this construction be not adopted, the attempted gift to these grandchildren must fail and the whole paragraph become ineffective. It is a sound rule of construction that a bequest must be upheld if legally possible. *Pease* v. *Cornell,* 84 Conn. 391, 393, 396-400, 80 Atl. 86; *Allen* v. *Almy,* 87 Conn. 517, 518, 522, 89 Atl. 205; *Hoadley* v. *Beardsley,* 89 Conn. 270, 277, 93 Atl. 535; *Bristol* v. *Ontario Orphan Asylum,* 60 Conn. 472, 476, 22 Atl. 848.

An obvious mistake made by the testator, such as giving a name incorrectly, has never been permitted to defeat the intent when it is ascertained. *American Bible Soc.* v. *Wetmore,* 17 Conn. 181, 186; *Jacobs* v. *Bradley,* 36 Conn. 365, 369; *Dunham* v. *Averill,* 45 Conn. 61, 86; *King* v. *Grant,* 55 Conn. 166, 170, 101 Atl. 505; *Goodrich's Appeal,* 57 Conn. 275, 283, 18 Atl. 49; *Bristol* v. *Ontario Orphan Asylum,* 60 Conn. 472-476, 22 Atl. 848; *Conklin* v. *Davis,* 63 Conn. 377-385, 28 Atl. 537. Likewise, where there is a misdescription of the subject-matter. *Webster* v. *Wiers,* 51 Conn. 569, 575; *Spencer* v. *Higgins,* 22 Conn. 520, 529; *Weed* v. *Hoge,* 85 Conn. 490, 496, 497, 83 Atl. 636; *McDermott* v. *Scully,* 91 Conn. 45, 51, 98 Atl. 350; *Hayward* v. *Hayward,* 95 Conn. 122, 111 Atl. 53; *Southington Bank & Trust Co.* v. *American Baptist Home Missionary Soc.,* 96 Conn. 107, 113 Atl. 166.

Reading the will as a whole, it is seen to be very

simple and the controlling thought of the testatrix plain. She possessed both real and personal property. She had two children and she had grandchildren. She gives her jewelry and dresses to her daughter and her household furniture to her son. By these and the residuary clause, she gives all her personal property to her son and daughter, and by the fourth and fifth paragraphs, gives all her real-estate interests to her grandchildren. This appears on the face of it to be a reasonable and natural disposition of her entire estate.

Her real-estate interests, as she apparently thought of them, were of a twofold character, and this is shown by the fact that she used one paragraph to give these interests which she had acquired independently, and another to give those which she had acquired from the estate of her husband.

We are satisfied that she intended the grandchildren to have all her real estate, under paragraphs four and five, and her children to have all her personal estate, under paragraphs two, three and six. Notwithstanding the obvious mistake of fact in what she says in paragraph four, we consider the language of that paragraph sufficient to identify the interest she had in mind and vest the title in these defendant grandchildren.

As already suggested, the first question propounded to us is not in proper form. We answer the second question in the affirmative, and the third by saying that the interest acquired by the defendant grandchildren under the fourth clause of the will, was an undivided one-thirty-sixth in each of the children of William E. Sadler, viz., in William Richard Sadler, Francis Joseph Sadler and Raymond Leo Sadler, making a total of one-twelfth interest, and the interest acquired by Alice Sullivan, the daughter of Anna J. Sullivan, was an undivided one-twelfth.

No costs will be taxed to any of the parties in this court.

In this opinion the other judges concurred.