In the Matter of the Estate of FRANK DIBBLE, Deceased.

Surrogate's Court, Otsego County. July 15, 1941.

*Wood D. Van Derwerken* [*Sheldon H. Close* of counsel], for Levi C. Brundage and Ettie Brundage, petitioners.

*Flaesch & Latham*, for Walter Shaver, Orlo Shaver, Emerson Shaver, Martha Standish and Ellery Dibble.

CAMPBELL, S. Testator bequeathed all of his property to six named nephews and nieces and the husband of one of the nieces. Since the death of his wife, in December, 1927, he had lived " off and on " with the petitioners. On April 1, 1940, he executed a will, which was probated March 4, 1941, and letters testamentary were on that date issued to Ettie Brundage, one of the petitioners, and a nephew, Walter Shaver.

Construction is asked of paragraph " fourth " of the will, which is as follows: " I give, devise and bequeath to Levi C. Brundage and my said niece, Ettie Brundage, his wife, the farm now occupied by them in the said Town of Unadilla where I now reside with the said Levi C. Brundage and Ettie Brundage, his wife, consisting of about seventy-eight (78) acres of land and known as the William Wickham farm."

The petitioners, as tenants by the entirety, acquired title to the identical farm described in paragraph " fourth " by deed from Ella M. Wickham on August 25, 1939, the purchase price being $1,500, and they are still the owners of the farm. Testator advanced the entire purchase price of $1,500 at the time of the delivery of said deed and took a bond and mortgage on the farm for that amount. This bond and mortgage he owned when he made his will and at the time of his death. Only fifty dollars has been paid to apply on principal, and some interest has been paid. It is stipulated that that the deed to petitioners from Ella M. Wickham and the mortgage to testator cover the premises described in paragraph " fourth."

It appears from the record that testator was fond of the Brundage family. Testator never owned the farm in question. The petitioners urge that it was the intention of testator, and that he did by said paragraph " fourth " give said bond and mortgage to them; that it was his intention to bequeath the interest he did have in the farm and not the fee; that the language was erroneous and inaccurate; that it is the duty of the court to correct such error and carry out the manifest intent of testator, and that to hold otherwise would amount to a determination that said paragraph " fourth " was meaningless and inserted in the will for no purpose.

The respondents claim, in effect, that paragraph " fourth " should be given no consideration and that testator's will should be construed as though the clause were not there at all. They assert that because the will was drawn by a lawyer the construction should be more strict than if a layman had prepared it, which is true, especially so far as technical terms and the nomenclature of the profession are concerned.

Here, however, it is not a case of the construction of technical legal terms, but a most evident misconception by the attorney of the nature of the property the testator sought to dispose of in his will. No lawyer would prepare a will containing meaningless bequests. Someone erred when the will was drawn as to the nature of the interest of testator in the real property, and if it is a recognized canon of construction that the courts take judicial notice of the lawyer's knowledge of the precise meaning of the terms and technical words he uses, what would be the inference here? Would it be that the lawyer understood that the way to bequeath a bond and mortgage was to devise the land described in the mortgage? The contrary is the court's opinion and that the distinction in construction between the will prepared by a lawyer and one drawn by a layman would not apply in this matter.

In one or more of the cases cited by the respondents' attorneys, attention is called to the rule that the court's duty is to construe and not to construct. That is similar, in one respect at least, to other canons of construction. The rules are based on logic that is sound and convincing. The difficulty is in their application. No exact precedent is to be found in the reports, and no will has a brother.

The authorities cited in respondents' brief are not in close analogy to this case. Here, the full amount of the purchase price had been advanced by testator. The payments made by the mortgagors were small. Less than a year had elapsed from the taking of the bond and mortgage to the execution of the will. If the purchase price reflected the value of the farm when bought in August, 1939, the equity of the mortgagors was small. The testator probably believed that for all practical purposes he did own the farm. It is fairly certain that he conveyed the idea of ownership to the attorney who prepared the will. His interest in the farm, although not amounting to complete ownership, was what he intended to pass by his will. " Where a testator devised two lots of land, describing them, which lots she had sold and conveyed previous to making the will and then held bonds and mortgages thereon for the unpaid purchase money, it was held the bonds and mortgages passed to the devisee." (*Woods* v. *Moore*, 4 Sandf. 579.) " It is presumed that a testator intended to dispose only of property which he owned, unless the language of the will or the circumstances of the case as shown by proper evidence indicate otherwise. Where the testator had only a partial interest in the property devised, the presumption is that he undertook to dispose of that which he might properly devise and no more." (69 C. J. 364, § 1376.)

" A devise in form of particular lands of which the testator is mortgagee only passes the mortgage interest as being that which he must have intended to be the subject of his gift." (*Weed* v. *Hoge*, 85 Conn. 490; 83 A. 636.) To the same effect, see, also, 2 David's N. Y. Law of Wills (§ 764); *Govin* v. *Metz* (79 Hun, 461); *Gallagher* v. *Quinlan* (10 App. Div. 402); *Patch* v. *White* (117 U. S. 210).

I believe the quotations and citations last above cited contain the applicable law in this case and I accordingly find and decide that paragraph " fourth " of testator's will gave and bequeathed the mortgage and accompanying bond described in the petition to Levi C. Brundage and Ettie Brundage, his wife.

Submit decree accordingly.