In the Matter of the Accounting of Isaac Rudnick et al., as Executors of Joseph Sheines, Deceased.

Surrogate's Court, New York County, February 6, 1950.

*Eli N. Cohen* for executors, petitioners.

*Herbert Rubin* for Rubin Shanes and others, respondents-objectants.

*Nathaniel L. Goldstein, Attorney-General* (*Corning G. McKennee* of counsel), for charities, respondents.

Collins, S. In this proceeding for the settlement of the account of the executors, construction of the will is required in order to determine whether a devise of real property embraced the deceased's interest in a mortgage on the premises or whether that interest passed under the residuary clause to the legatees therein named. The question is framed by the objections filed by the persons composing that group.

Deceased was the owner of a one-fourth interest in premises located in the borough of Queens. He joined with his co-owners in a conveyance of the property on September 24, 1927, the grantors taking back a purchase money mortgage of $15,500 as part consideration. Thereafter upon default in payment of interest and taxes a foreclosure proceeding was instituted by the mortgagees. While that proceeding was pending the

premises were reconveyed to the decedent and his brothers as tenants in common by a deed given in lieu of foreclosure containing a specific recital that the mortgage was not to merge in the fee. The mortgage is still open of record but from the time of the reconveyance of the property until his death neither deceased nor his co-owners made any attempt to collect from themselves the interest due thereon. Their purpose in continuing the mortgage of record was simply to facilitate resale.

The interest of the testator in the property described was disposed of in paragraph 4 of his will, the text of which follows: "4. I give, devise and bequeath to my sincere and devoted friend Isaac Rudnick, my undivided one-quarter share in and to that lot or parcel of land in the Borough of Queens, City of New York, known and designated by, as lots number 25 to 33, both inclusive, in Block L, on a certain map entitled Map of Property belonging to William A. Porter, surveyed May 23rd, 1922 by Leonard C. L. Smith, City Surveyor, which said map was filed in the Office of the Clerk of the County of Queens on July 24th, 1922, as and by Map Number 4141, and which land affected lies in Block 16107, Sec. 65, on the land map of the County of Queens."

In paragraph 31 of the will the testator made a gift of the residue of his estate in equal parts to the objectants. They contend, because of the testator's failure to provide specifically in paragraph 4 for the disposition of his interest in the mortgage, that such interest passes to them and is not included in the devise.

The court cannot concur in this conclusion. Whether or not a merger of the mortgage and the fee results is purely a question of intention upon the part of the owner (*Clark* v. *Rowell,* 163 Misc. 777; *Matter of Whipple,* 19 N. Y. S. 2d 105). That no merger took place during the lifetime of deceased is manifest from the stipulation in the deed of reconveyance. However, it is implicit in the disposition of the property under the will that the testator must have intended to include as an element of the gift his interest in the mortgage affecting the premises. To hold otherwise would be to ascribe to him an intention which he nowhere expressed and in effect to invalidate his gift of the land. In *Matter of Schreier* (153 Misc. 711) Mr. Surrogate WINGATE had for construction a will wherein the testatrix had devised all of her right, title and interest in real property of which she was the owner of a moiety as well as being the holder of a mortgage on the whole. He there held the language of

gift to be broad enough in scope to include a transfer of the lien as well as of the interest in the fee.

A like result must follow here. The gift of the testator's undivided one-quarter share in the property is the equivalent of a transfer of his interest in the land and the mortgage. The conclusion stated finds additional support in the testator's use of the word " bequeath " in the language of gift although the other circumstances described more clearly manifest his intention.

The question is always one of intention (*Matter of Ferguson,* 194 Misc. 840, 842, and cases there cited; *Matter of Brown,* N. Y. L. J., Jan. 9, 1950, p. 84, col. 6). There is, moreover, a presumption which will yield only to internal evidence of another purpose that " a devise in form of particular lands of which the testator is mortgagee only passes the mortgage interest as being that which he must have intended to be the subject of his gift." (*Weed* v. *Hoge,* 85 Conn. 490.) In *Devenish* v. *Pester* (72 L. T. 816) the court said at page 818: " What, after all, is a devise of lands? It is only a devise of such estate or interest as the devisor has in the land, and prima facie whatever estate or interest the testator has in land will pass under a devise of it by that name, if it is specifically referred to so as to show that the testator had that particular land in his mind and if there is nothing else to answer the description." (And see Jarman on Wills [7th ed.] p. 944 ff., *Matter of Dibble,* 176 Misc. 897, and *Matter of Cartledge,* 118 Misc. 131, affd. 203 App. Div. 899, affd. 236 N. Y. 515, where Mr. Surrogate FOLEY stated: " It is the substance of the attempted gift with which we are chiefly concerned, not the words in which it was attempted to be given ".)

The court holds that the trust which the testator attempted to create in paragraph 27 of the will is invalid and that the bequest therein made will pass under the residuary clause of the will (Real Property Law, §§ 96, 99; *Garvey* v. *McDevitt,* 72 N. Y. 556).

The court fixes the sum of $2,500 as the reasonable value of the legal services rendered by one of the executors to the estate (Surrogate's Ct. Act, § 285). Disbursements of $62.58 are allowed as are payments for accountant's and appraiser's services.

The motion to withdraw the waivers heretofore filed by the objectants has been withdrawn.

Submit decree on notice settling the account in accordance with decision.